## GEORGE L. HOLLOWAY, RESPONDENT, *v.* THE CITY OF LOCKPORT, APPELLANT.

*Municipal corporation — failure to keep a sidewalk in repair — effect of knowledge of such fact on the part of a party injured thereby.*

In an action, brought to recover damages for personal injuries alleged to have been caused by the defendant's negligence in failing to keep a sidewalk within the city limits in a safe condition, proof of the fact that the plaintiff knew of the condition of the walk before the accident happened does not establish such contributory negligence on his part as to preclude a recovery for the injuries sustained, but that circumstances, with all the other facts in the case, are to be considered by the jury in determining whether the plaintiff has been guilty of such contributory negligence.

The plaintiff is not required, because of his knowledge of such want of repair, to turn off from the sidewalk and go around the dangerous place.

APPEAL from a judgment entered November 10, 1888, in the Niagara county clerk's office upon the verdict of a jury rendered at the Niagara Circuit in the plaintiff's favor for the sum of $375, and from an order entered in said office November 10, 1888, denying the defendant's motion for a new trial, founded on a case containing exceptions. The action was brought to recover damages for personal injuries received by the plaintiff, alleged to have been caused by the defendant's negligence because of its failure to keep a sidewalk within the city limits in a safe and secure condition. At the close of the plaintiff's evidence the defendant moved for a nonsuit, which was denied and the defendant took an exception.

*John E. Pound,* for the appellant.

*S. E. Graves,* for the respondent.

BARKER, P. J.:

The exception to the refusal to grant a nonsuit presents the only question which merits much consideration. The plaintiff is a resident of the city of Lockport, and at the time of the accident he resided on Van Buren street, on one side of which there was a plank sidewalk four feet wide, the plank being laid crosswise upon stringers. He passed over this section of the walk daily in going to

and from his place of business, his occupation being that of a machine blacksmith. On the day mentioned, while walking along the sidewalk, he stepped on one of the planks, which caused it to tip up and catch the plaintiff's other foot, and he was thrown down on his hands and face, and received an injury to one of his knees, which disabled him for forty days, from which he had substantially recovered at the time of the trial. The plank was warped, loose and unnailed, so that when stepped upon, the edge of the plank would turn up above the general level or surface of the sidewalk.

As the plaintiff fell the plank was entirely removed from its place, and when the plaintiff was down it was between his legs. The evidence tended to prove that this place had been in this condition for a considerable length of time previous to the accident, and from the proofs the jury were justified in finding that the officers of the city having charge of the streets and sidewalks knew the real condition of the walk at this place.

One of the deputy street commissioners passed over this part of the walk daily for months immediately preceding the accident, and other persons who passed over the walk observed that the plank was not nailed, and was loose and moved when stepped upon. It is a matter of common observation to all persons who are accustomed to walk upon plank sidewalks, that a loose, warped and unfastened plank, laid crosswise and on stringers, constitutes a dangerous trap in the sidewalk. So, if it be true, as the plaintiff's evidence tended to establish, and which was not much disputed by the defendant's witnesses, enough was shown as to the condition of the walk to justify the finding that the defendant was guilty of negligence in permitting this walk to remain in an insecure and unsafe condition.

The duty of the defendant was to keep the streets and sidewalks constructed under its orders and directions, within the city limits, in a reasonably safe and secure condition. If the plaintiff did, in fact, know of the real condition of the walk before the accident happened, that circumstance alone does not deprive him of a right of action. That circumstance, however, with all the other facts bearing on the question, were to be considered and weighed by the jury, in determining whether the plaintiff was guilty of contributory negligence. We think that the jury properly disposed of that

question; at least the case, as presented by all the evidence, is such as not to permit us to disturb their finding on the question.

This question was asked one of the plaintiff's medical witnesses who attended him during the period of his lameness: "What do you say as to this injury to his knee being a permanent one?" The defendant's counsel objected to the question as being incompetent and immaterial, and the objection was overruled and the defendant's counsel excepted. But this question is not answered, and the court propounded to the witness the following question: "Have you any opinion on the subject whether he will entirely recover from it?" No objection was made to this question, and the witness answered, "I hardly think he will entirely." We think the first question entirely proper, but as it was not answered it does not need further consideration.

The defendant's counsel asked the court to charge that if the jury find "that the plaintiff being familiar with the place where the accident took place used no more care or precaution in passing than if he were wholly ignorant of its condition, he cannot recover." The court declined so to charge, but stated, in response to the request, that if the plaintiff "was familiar with it, and it was out of order, there is stronger probability that he must have known that there were loose planks there, and it became his duty to be careful and prudent, in view of the knowledge which he had." To which charge the defendant duly excepted. By a strict construction the exception is limited to the charge as made, and is not an exception to the refusal to charge as requested. It needs no argument to show that the charge requested did not in any manner define the degree of care and caution which it was necessary for the plaintiff to exercise if he knew, as a matter of fact, that the walk was out of repair, to escape the imputation of negligence on his part, and the court properly refused to assent to the proposition. 'The instruction which was given to the jury on the subject, so far as it went, stated the rule of law correctly relative to the subject. The court, after the exception was taken, gave to the jury the further instruction, that if the jury find that the plaintiff was familiar with the walk in question, and its condition, and passed over it daily, it was his duty to use more than ordinary care in passing over it on the day that he received the injury complained of, and that it was his duty to be more vigi-

lant if he knew of the defect than if he had been ignorant of the fact that it was out of order. The appellant has no right to criticise these instructions to the jury, and it appears that he was satisfied with the same, as they were made at his request.

The appellant also asked the court to charge the jury that if the plaintiff was aware that the walk was out of repair and dangerous to pass over at the point where he met with the accident, he should have turned out and gone around the dangerous place, which was declined and the defendant excepted. On the argument the appellant did not claim that this exception was well taken and, manifestly, it was not.

The judgment should be affirmed.

DWIGHT and MACOMBER, JJ., concurred.

Judgment affirmed.